

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DANIEL P. CEDRONE and POLY-TECH INDUSTRIAL, INC., <br> Plaintiffs, <br><br> vs. <br><br> COMPOSITE RESOURCES, INC., <br> Defendant. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 0:21-284-MGL <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND,
DENYING PLAINTIFFS' REQUEST FOR ATTORNEY FEES,
AND DISMISSING WITHOUT PREJUDICE
DEFENDANT'S REQUEST FOR ATTORNEY FEES**

**I.     INTRODUCTION**

Plaintiffs Daniel P. Cedrone and Poly-Tech Industrial, Inc., (collectively, Plaintiffs) filed this lawsuit in the York County Court of Common Pleas against Composite Resources, Inc. (Composite). Plaintiffs bring claims for: breach of contract, breach of contract accompanied by a fraudulent act, failure to pay compensation due, S.C. Code § 39-65-10, et seq., failure to pay compensation due for perpetual commission, *id*., conversion, unjust enrichment, accounting, and declaratory judgment, S.C. Code § 15-53-10, et seq.

Composite subsequently removed the case to this Court on the basis of diversity of citizenship. But, for reasons not relevant here, the parties consented to a remand.

Thereafter, Composite filed a second notice of removal, contending "this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338 because there is federal question jurisdiction based upon Plaintiffs' assertion of claim(s), challenging the inventorship and ownership of the patents related to this litigation." Composite's Notice of Removal at 2. Composite further maintains "[t]his Court has supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 U.S.C. §1367." *Id*. Plaintiffs disagree.

Pending before the Court is Plaintiffs' motion to remand. Having carefully considered the motion, the notice of removal, the response, the reply, the supplement, the sur-reply, the record, and the relevant law, it is the judgment of this Court that Plaintiffs' motion to remand must be granted.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiffs' complaint concerns disputes about the payment of commissions related to the sale of a patented product called the Combat Application Tourniquet.

As the Court already observed, after Plaintiffs filed this action in the York County Court of Common Pleas, Composite removed the case to this Court. The parties, however, subsequently consented to a remand.

Thereafter, Composite filed a second notice of removal, contending that, in light of Plaintiffs' answers to some of Composite's request to admit (RTA), certain deposition statements, and an email between counsel, it had discovered Plaintiffs were also bringing a patent claim in this lawsuit. Plaintiffs then filed a motion to remand in which it asks for attorney fees. Composite responded in opposition, and also requested attorney fees. Plaintiffs thereafter filed a reply.

The Court, having been fully briefed on all of the relevant issues, is prepared to adjudicate Plaintiffs' motion to remand, along with the requests for attorney fees.

### III. STANDARD OF REVIEW

A party seeking removal bears the burden of establishing the existence of federal jurisdiction. *Mulachey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is in doubt, remand to state court is necessary. *Mulachey*, 29 F.3d at 151.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To remove to federal court, the defendant or defendants must file "a notice of removal. containing a short and plain statement of grounds for removal." *Id.* § 1446(a).

"The notice of removal of a civil action or proceeding shall be filed within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.* § 1446(b)(1).

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within [thirty] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This is often known as the "other paper" exception.

3

## IV. DISCUSSION AND ANALYSIS

### A. *Whether Composite's second notice of removal is timely*

Plaintiffs argue Composite's second notice of removal is untimely. According to Plaintiffs, "Composite's Notice of Removal focuses on [Plaintiffs'] answers to Composite's [RTA], which [Plaintiffs] served on December 30, 2020, and [other related matters]. This ignores the significant number of interrogatories, [RTA], and [request to produce (RTP)] concerning patents and patent inventorship that Composite and Plaintiffs served months earlier." Plaintiffs' Motion to Remand at 18.

Composite, on the other hand, states that it "was not on notice of the grounds for removal until it was apparent within the four corners of Plaintiffs' express responses to [Composite's RTA] that Plaintiffs were pursuing a federal patent claim." Composite's Response at 13. Plaintiffs have the better argument.

On March 29, 2019, Plaintiff's served requests to produce (RTP) on Composite in which it requested documents "related to Mark Esposito's tourniquet invention, design, license, commission, intellectual property and/or businesses related to combat application tourniquets." Plaintiffs' RTP ¶¶ 21 and 31. Although there are a host of other instances of Plaintiffs raising patent-related questions and requests, this one example is sufficient to establish that Plaintiffs raised patent-related questions as early as March 29, 2019, "from which [Composite should have] . . . ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

But, Composite failed to file its notice of removal until January 28, 2021, twenty-two months after it was served with the above-mentioned RTP. Composite had just thirty days after receipt of those RTP to file its notice of removal. But, it failed to do so. And, although 28 U.S.C. § 1454(b)(2) provides that the thirty-day "time limitation[] contained in section 1446(b) may be

4

extended at any time for cause shown[,]" Composite neglected to request such an extension. Therefore, the Court concludes Composites second notice of removal is untimely.

But, as the Court will explain below, even if the Court determined Composite's notice of removal was not tardy, it would still grant Plaintiffs' motion to remand.

### B. *Whether there is federal question jurisdiction over this matter*

Plaintiffs contend the Court should remand this case to state court because their state claims do not arise under federal patent law. Composite, however, maintains "Plaintiffs' December 30, 2020[,] responses to the [RTA] serve as the 'other paper' under 28 U.S.C. § 1446(b)(3) from which [Composite] could first ascertain that the case was one which is or had become removable." Composite's Response at 7.

By statute, all cases "arising under" patent law must be heard exclusively by the federal courts, not state courts. 28 U.S.C. § 1338(a). But not all cases involving patents "arise under" patent law. *See Gunn v. Minton*, 568 U.S. 251, 264 (2013) ("We have no reason to suppose that Congress—in establishing exclusive federal jurisdiction over patent cases—meant to bar from state courts state legal malpractice claims simply because they require resolution of a hypothetical patent issue.").

Composite argues in it notice of removal and in its response in opposition to remand that Plaintiffs are bringing a patent claim in this lawsuit, thus giving this Court federal question jurisdiction over the matter. But, in Composite's motion for attorney fees, it maintains it is entitled to such fees because Plaintiffs failed to admit that is was not bringing a patent cause of action; but Composite has now proven it is not bringing such a claim. *See* Composite's Motion for Attorney Fees at 7 ("request[ing] the Court to enter an order finding [Composite] has proven Plaintiffs' denials to" Composite's RTA, in which Composite interpreted Plaintiffs to say they were bringing a patent claim, to be false). According to Composite, while "litigating Plaintiff[s'] motion to

remand, [Composite] has had to prove that which should have been admitted,]" that there is no patent cause of action in Plaintiffs' lawsuit against Composite. *Id*.

There is also another reason for the Court to conclude there is no patent claim in this lawsuit. According to Composite, "[a]bsent [a] binding admission or dismissal that conclusively demonstrates Plaintiffs are not pursuing patent related claims in the state court action, this Court must retain its exclusive jurisdiction over this action." Composite's Response in Opposition at 9. Here is Plaintiffs' binding admission: "Plaintiffs' state causes of action solely involve the recovery of sales commissions/vendor profits and related damages under South Carolina law." Motion to Remand at 8 (emphasis omitted) (capitalization of letters modified).

Given that these holdings are dispositive of the jurisdictional question before the Court, it need not address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

### C. *Whether Plaintiffs are entitled to attorney fees*

According to Plaintiffs, they are entitled to the attorney fees associated with this motion. Composite, expectantly, disagrees.

As per 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiffs give three primary reasons why they think attorney fees are appropriate. First, they argue "Composite lacked an objectively reasonable basis to remove this case." Motion to Remand at 21. Composite states otherwise.

The Court has pored over Plaintiffs' responses to Composite's discovery requests, as well as the other materials on which Composite's argument for federal jurisdiction is based. The Court need not detail all of those materials here. Suffice it to say, from this review, the Court easily concludes Composite had "an objectively reasonable basis to remove this case[,]" *id.*, because it appeared that Plaintiffs were arguably bringing a patent cause of action, which would have made removal appropriate.

Second, Plaintiffs contend attorneys fees are proper because "Composite's removal was also extremely late and came after the parties have undertaken significant discovery and were heading towards a resolution in state court. That too supports a fee award." Motion to Remand at 21. Composite's only response is to stick with its argument that its removal was not late, which the Court rejected above. Nevertheless, the Court thinks it is objectively reasonable for Composite not to have realized this case was removable back on March 29, 2019.

Third, Plaintiffs maintain they are entitled to attorney fees because "two 'unusual circumstances' warrant ordering Composite to pay Plaintiffs' fees, even if Composite had some objective basis to remove." *Id*. The first is that this is Composite's second improper removal,

Composite originally removed the case to this Court on diversity of citizenship grounds, although it, as a citizen of South Carolina, was in violation of the forum-defendant rule. According to that rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a). . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Composite's removal, therefore, as "the removing party[,] lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, in

the Court's opinion, it was Composite's first removal that might have merited attorneys fees inasmuch as it "lacked an objectively reasonable basis for seeking removal," *id*.

Although this is Composite's second improper removal, as the Court has explained above, it is unable to say it lacked any objective basis for its second removal. Therefore, the Court rejects this argument. Plaintiffs' second "unusual circumstances" contention fares no better.

The second "unusual circumstance" Plaintiffs identify is that "Composite's notice of removal fails to include critical facts concerning the date when Composite first believed this case to be removable[.]" Motion to Remand at 21-22. But, this is nothing more than a repackaged version of their "extremely late" argument above, which the Court has already rejected.

As such, for all of these reasons, the Court will deny Plaintiffs' request for attorney fees.

### D.     *Whether Composite is entitled to attorney fees*

Composite contends it is due attorney fees under Fed. R. Civ. P. 37(c)(2) based on its argument that, after Plaintiffs denied several RTA, Defendant has proven the matters to be true.

Rule 37(c)(2) provides as follows:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The [C]ourt must so order unless:
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

*Id*

There are at least three reasons why the Court concludes Composite is unable to entertain Composite's request for attorney fees.

First, the Court begins with the fundamental and uncontroversial point that the Federal Rules of Civil Procedure generally govern all civil actions in federal court. Put another way, the Federal

8

Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."

As is applicable here, Rule 81 states that "[t]hese rules apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81 (c)(1). It then naturally follows that the rules are inapplicable before the case is removed from state court.

Composite's served their RTA, and Plaintiffs answered them before, not after, the case was removed to this Court. Thus, the Federal Rules of Civil Procedure were inapplicable when Plaintiffs served its responses to Composite's RTA.

Consequently, because the lawsuit was in state court before Composite removed it here, the South Carolina Rules of Civil Procedure, not the federal ones, were in effect. Thus, if any court has the ability to properly adjudicate Composite's claims of discovery abuse, it is for a South Carolina court, not this federal Court, to do.

Second, and relatedly, Composite improperly removed this case to this Court. Accordingly, Composite is unable to enjoy the benefits of the Federal Rules of Civil Procedure in an improperly removed case.

Third, assuming the Federal Rules of Civil Procedure do apply here, then Composite's RTA were premature. This is so because, except for a few exceptions that are inapplicable here, "[a] party, may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). Given this requirement, one district court has gone so far as to say that "[d]iscovery served in state court becomes null and ineffective upon removal." *Wilson ex rel. Estate of Wilson v. General Tavern Corp.*, No. No. 05-cv-81128, 2006 WL 290490, at *1 (S.D. Fla. Feb.2, 2006).

Consequently, the Court will dismiss Composite's request for attorney fees without prejudice so it can present the request to the state court if it wishes to do so.

\*\*\*\*\*

Candidly, given the tenor of the pleadings in this case, it appears counsel have perhaps gotten sideways with one another. Throughout the parties' briefing, both Plaintiffs' counsel and defense counsel have lobbed bad faith accusations at each other. *See e.g.*, Plaintiffs' Reply at 1 (Composite, "in its opposition brief does little to obscure its bald and belated attempt to (again) forum shop this case to federal court."); Composite's Response at 18 (responding to Plaintiffs' request for attorney fees and stating, "This is simply a distortion of the case.").

This is unacceptable. The Court treats all who appear before it with the utmost of respect, and fully expects counsel to treat each other likewise.

Such behavior is a great disservice to all involved: counsel and their reputations, the parties, the Court, and the justice system. Accordingly, assuming the Court is correct, it strongly suggests the parties and counsel confer and determine how to remedy the problem going forward.

### V.     CONCLUSION

Based on the foregoing discussion and analysis, Plaintiffs' motion to remand is **GRANTED**, Plaintiffs' motion for attorney fees is **DENIED**, Composite's request for attorney fees is **DISMISSED WITHOUT PREJUDICE**, and this matter is **REMANDED** to the York County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 22nd day of September, 2021, in Columbia, South Carolina.

                                                                    s/ Mary Geiger Lewis
                                                                    MARY GEIGER LEWIS
                                                                    UNITED STATES DISTRICT JUDGE